UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X          Docket No. 12-CV-4706(JMF)
BRYAN WILLIAMS and DYLAN SUPRIS-JONES,

Plaintiff,

**ANSWER**

-against-

Electronically filed

THE METROPOLITAN TRANSPORTATION
AUTHORITY (MTA), MTA OFFICER WOZNY,
MTA OFFICER EDWIN GAVILANEZ,
MTA OFFICER DENNIS ESTEROW AND
UNIDENTIFIED MTA POLICE OFFICERS,

Defendants.

------------------------------------------------------------------------X

Defendants, THE METROPOLITAN TRANSPORTATION AUTHORITY (MTA), MTA OFFICER WOZNY, MTA OFFICER EDWIN GAVILANEZ, MTA OFFICER DENNIS ESTEROW AND UNIDENTIFIED MTA POLICE OFFICERS, individually and in their official capacity (collectively, the "Defendants"), by their attorneys, answer the Complaint as follows upon information and belief:

**JURISDICTION**

1.   Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph of the Complaint numbered "1," and respectfully refer all questions of law to the within Court for ultimate determination.

2.   Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph of the Complaint numbered "2."

3.   Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs of the Complaint numbered "3," "4," and "5," and respectfully refer all questions of law to the within Court for ultimate determination.

## PARTIES

4.    Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph of the Complaint numbered "6" and "7."

5.    Admits each and every allegation contained in paragraphs of the Complaint numbered "8," "9," and "14."

6.    Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs of the Complaint numbered "10" and "12," and demand a more specific allegation.

7.    Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph of the Complaint numbered "11," and respectfully refers all questions of law to the within Court for ultimate determination.

8.    Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph of the Complaint numbered "13."

9.    Deny each and every allegation contained in paragraph of the Complaint numbered "15" and "16."

## STATEMENT OF FACTS

10.  Admits each and every allegation contained in paragraphs of the Complaint numbered "37."

11.  Deny each and every allegation contained in paragraph of the Complaint numbered "17," "30," "31," "32," "33," "35," "39," "40," and "41."

12.  Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph of the Complaint numbered "18," "19," "20," "21," "22," "23," "24," "25," "26," "27," "29," "34," "36," and "38."

2

13. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph of the Complaint numbered "28," but deny another office yelling loudly about 6 inches from William's face.

## FIRST CLAIM
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

14. Repeat and re-allege each and every admission and denial contained in paragraph of the Complaint numbered "42" as it relates to paragraphs "1" through "41" with the same force and effect as if fully set forth at length herein.

15. Deny each and every allegation contained in paragraph of the Complaint numbered "43," "44," "45," "46," "47," "48," "49," and "50."

## SECOND CLAIM
## VIOLATION OF PLAINTIFFS' RIGHTS PURSUANT
## TO THE COMMON LAW OF THE STATE OF NEW YORK VIA BATTERY

16.  Repeats and re-alleges each and every admission and denial contained in paragraph of the Complaint numbered "51" as it relates to paragraphs "1" through "50" of the Complaint.

17. Deny each and every allegation contained in paragraphs of the Complaint numbered "52," "54," "55," and "56."

18. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph of the Complaint numbered "53," and respectfully refers all questions of law to the within Court for ultimate determination.

## THIRD CLAIM
## VIOLATION OF THE PLAINTIFFS' RIGHTS UNDER
## THE NEW YORK STATE LAW VIA ASSAULT

19. Repeats and re-alleges each and every admission and denial contained in paragraph of the Complaint numbered "57" as it relates to paragraphs "1" through "56" of the Complaint.

20. Deny each and every allegation contained in paragraphs of the Complaint numbered "58," "59," and "60."

## FOURTH CLAIM
### VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO 42 U.S.C. §1983 AND THE FOURT AND FOURTHEENTH AMENDMENTS VIA FALSE ARREST

21. Repeats and re-alleges each and every admission and denial contained in paragraphs of the Complaint numbered "61" as it relates to paragraphs "1" through 60" of the Complaint.

22. Deny each and every allegation contained in paragraphs of the Complaint numbered "62," "63," "64," "66," "67," "68," and "69."

23. Deny each and every allegation contained in paragraph of the Complaint numbered "65," and demand a more specific allegation.

## FIFTH CLAIM
### VIOLATION OF PLAINTIFFS' RIGHTS PURSUANT TO THE COMMON LAW OF THE STATE OF NEW YORK VIA FALSE IMPRISONMENT

24. Repeats and re-alleges each and every admission and denial contained in paragraph of the Complaint numbered "70" as it relates to paragraphs "1" through "69" of the Complaint.

25. Deny each and every allegation contained in paragraphs of the Complaint numbered "71," "72," "73," "75," "76," "77," and "78."

26. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph of the Complaint numbered "74," and demands a more specific allegation.

## SIXTH CLAIM
### VIOLATION OF PLAINTIFFS' FIRST AMENDMENT RIGHTS TO RETALIATION

27. Repeats and re-alleges each and every admission and denial contained in paragraph of the Complaint numbered "79" as it relates to paragraphs "1" through "78" of the Complaint.

5

28. Deny each and every allegation contained in paragraphs of the Complaint numbered "80," "81," "82," "83," and "84."

## FIRST AFFIRMATIVE DEFENSE

29. Plaintiff failed to timely serve a Notice of Claim upon Defendants, as required by Public Authorities Law §1276. Therefore, this action and all state law causes of action may not be maintained against Defendants.

## SECOND AFFIRMATIVE DEFENSE

30. Plaintiff failed to present for a requested oral hearing/examination, pursuant to §1276 of the Public Authorities Law.

## THIRD AFFIRMATIVE DEFENSE

31. Whatever injuries and/or damages plaintiff(s) may have sustained at the time and place alleged in the Complaint, were caused in whole or in part or were contributed to by the it culpable conduct and negligence and/or fault and/or want of care and/or intentional conduct on the part of the plaintiff, including contributory negligence, and without any negligence or fault or want of care on the part of these answering Defendants and that the amount of damages which may be recovered by the Plaintiff shall be diminished in proportion to which his culpable conduct caused said damages.

## FOURTH AFFIRMATIVE DEFENSE

32. Defendant MTA is not subject to an award of exemplary or punitive damages.

## FIFTH AFFIRMATIVE DEFENSE

33. Defendants acted in good faith and with probable cause and justification in the detention, and imprisonment of the Plaintiff and therefore no claim lies against them in the conduct of their duties.

## SXITH AFFIRMATIVE DEFENSE

34. That Defendants enjoy qualified immunity with respect to those acts that are performed pursuant to their duties and responsibilities as police officers in the State of New York.

## SEVENTH AFFIRMATIVE DEFENSE

35. Pursuant to the laws of the State of New York, including the Criminal Procedure Law of the State of New York, § 140.05 et. seq., MTA police officers acted reasonably, properly and under the law in the alleged stop, detention and arrest of the Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

36. That the actions of the MTA police officers were justified; and that the use of any force, which is denied by the Defendant, was justified, necessary and reasonable under the law of the State of New York and the circumstances of the arrest and detention.

## NINTH AFFIRMATIVE DEFENSE

37. That the arrest and detention of the Plaintiff was justified under the Penal Law and Criminal Procedure Law of the State of New York in that the arresting officer had reasonable probable cause for believing that crimes had been committed and that the Plaintiff had committed said crimes.

## TENTH AFFIRMATIVE DEFENSE

38. That notwithstanding any favorable termination for the criminal proceeding, if any, the Plaintiff was in fact guilty of the offense with which he was charged.

## ELEVENTH AFFIRMATIVE DEFENSE

39. That the MTA is not liable for any alleged violations of the Plaintiff's Federal Constitutional rights for the alleged actions of its employees were not the custom, practice,

police or procedure of the MTA, and as such the MTA is entitled to dismissal of the Plaintiff's

Complaint pursuant to the authority of Monell v. Department of Social Services of the City of

New York, 436 U.S. 658 (1978).

## TWELFTH AFFIRMATIVE DEFENSE

40. That these answering defendants acting under the scope, authority and protection of

the New York General Business Law § 218, and that by reason thereof, the Plaintiff may not

maintain this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

41. Upon information and belief, any past or future costs and/or expenses incurred or to be

incurred by the Plaintiff for medical care, dental care, custodial care or rehabilitation services,

loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or

indemnified in whole or in part from a collateral source as defined in New York Civil Practice

Law and Rules § 4545(c).

## FOURTEENTH AFFIRMATIVE DEFENSE

42. Any injuries suffered by Plaintiff were not caused by a negligent or wrongful act or

omission of Defendants or any individual acting under their direction or control.

## FIFTEENTH AFFIRMATIVE DEFENSE

43. Plaintiff's Complaint must be dismissed, in whole or in part, for failure to state a cause

of action upon which relief may be granted.

## SIXTEENTH AFFIRMATIVE DEFENSE

44. Plaintiff's claims must be dismissed because they are barred by the applicable statute

of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

45. Plaintiff's claims are barred on the ground that Plaintiff's conduct violated applicable state criminal laws.

## EIGHTEENTH AFFIRMATIVE DEFENSE

46. Any criminal proceeding against Plaintiff commenced or participated in by Defendants was based upon probable cause and was not due to malice.

## NINTEENTH AFFIRMATIVE DEFENSE

47. At all times, an objective officer of reasonable competence would have had probable cause to believe a crime had been committed or that he was otherwise justified in searching and detaining Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

48. If Defendants are held liable in this action, then any possible damages award should be apportioned so that Defendants are not responsible for the wrongdoing of the non-parties that Plaintiff has failed to include in this action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

49. Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

50. Upon information and belief, in the event Plaintiff recovers at time of trial against Defendants, such recovery for non-economic loss shall not exceed Defendants' equitable share determined in accordance with the relative culpability of each person, party and/or entity, which caused or contributed to the total liability for non-economic loss; provided that the liability of the

8

Defendants are found to be fifty percent or less of the total liability of all persons, parties and/or entitles liable.

TWENTY-THIRD AFFIRMATIVE DEFENSE

51. Upon information and belief, that the injury or injuries, if any, sustained by the Plaintiff at the time and place, or on the occasion referred to in the Plaintiff's Complaint, were sustained or so suffered or caused, in whole or in part, by the negligent act or acts and/or assumption of risk of the Plaintiff, and the damages recoverable by Plaintiff, if any, shall be diminished in the proportion which the culpable conduct attributable to the Plaintiff bears to the culpable conduct which caused the damages.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

52. Upon information and belief, these answering Defendants are free from any negligence and in no way contributed to the occurrence and injuries referred to in the Plaintiff's Complaint.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

53. That answering Defendants are entitled to qualified immunity as to any actions alleged since their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have been aware based upon an objective reasonable assessment of the conduct measured in reference to clearly established law.

TWENTY-SIX AFFIRMATIVE DEFENSE

54. Upon information and belief, this Court lacks subject matter jurisdiction.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

55. Upon information and belief, this Court lacks personal jurisdiction over the Defendants.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

56. The MTA Police Department is not an entity amenable to suit.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

57. That the answering Defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

### THIRTIETH AFFIRMATIVE DEFENSE

58. That the answering Defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

59. That the answering Defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

60. That in performing such duties and responsibilities, the answering Defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

**WHEREFORE,** the Defendants demand judgment dismissing the Complaint together with costs, disbursements and such other relief as the Court deems just and proper.

Dated: Mineola, New York
　　　July 13, 2012

Respectfully submitted,

**BEE READY FISHBEIN
HATTER & DONOVAN, LLP**

_____/s/_____
Angelo M. Bianco (AMB-2733)
Attorneys for Defendants
170 Old Country Road – Suite 200
Mineola, NY 11501
P: 516.746.5599

F: 516.746.1045
abianco@beereadylaw.com
File No. 6178-1106

TO:   **THE LAW OFFICES OF FRED LICHTMACHER, P.C.**
Attn.  FRED Lichtmacher (FL-5341)
Attorneys for Plaintiffs
Empire State Building
350 5th Avenue, Ste. 7116
New York, NY  10118
T.: 212-922-9066