```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

Bryan Williams and Dylan Supris-Jones,

                            Plaintiff(s),

-v-

THE MTA, WOZNY, GAVILANEZ & ESTEROW

                            Defendant(s).

------------------------------------------------------------X

12 Civ. 4706 (JMF)

CIVIL CASE
MANAGEMENT PLAN
AND SCHEDULING
ORDER

        This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent _____ / do not consent  X  ] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed.*]

2. Settlement discussions [have _____ / have not  x  ] taken place.

3. The parties [have  X  / have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

4. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within  30  days from the date of this Order. [*Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.*]

5. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than  14  days from the date of this Order. [*Absent exceptional circumstances, a date not more than fourteen (14) days following the initial pretrial conference.*]

6. The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than October 1, 2012                .

7. Discovery

     a. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

     b. All fact discovery shall be completed no later than January 10, 2013                . [*A date not more than 120 days following the initial pretrial conference, unless the*

1

*Court finds that the case presents unique complexities or other exceptional circumstances.]*

    c. All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than February 24, 2013  . *[Absent exceptional circumstances, a date not more than 45 days from the date in paragraph 7(b) (i.e., the completion of all fact discovery).]*

8. Interim Discovery Deadlines

    a. Initial requests for production of documents shall be served by October 10, 2012 .

    b. Interrogatories shall be served by October 10, 2012 .

    c. Depositions shall be completed by ~~December 10, 2012~~ January 10, 2013 .

        i. Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

        ii. There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

        iii. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    d. Requests to admit shall be served by December 11, 2012 .

    e. Any of the deadlines in paragraphs 8(a) through 8(d) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 7(b).

    f. No later than thirty (30) days prior to the date in paragraph 7(b) (i.e., the completion of all fact discovery), the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(c).

9. All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Rules and Practices (available at http://nysd.uscourts.gov/judge/Furman).

10. In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court

must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party may submit a letter to the Court, no longer than three pages, explaining the nature of the dispute and requesting an informal conference. Such a letter *must* include a representation that the meet-and-confer process occurred and was unsuccessful. If the opposing party wishes to respond to the letter, it should promptly call Chambers to advise that a responsive letter will be forthcoming and it should submit the responsive letter within three business days. Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone.

11. All counsel must meet in person for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

12. Alternative dispute resolution/settlement

    a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____

    b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
    *a settlement conference before a magistrate judge.*
    _____

    c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 12(b) be employed at the following point in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
    *after the close of fact discovery*
    _____

3

d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

13. Summary judgment motions and any motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v. Merill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases, are to be filed within thirty (30) days of the close of fact or expert discovery (whichever is later). Unless otherwise ordered by the Court, opposition to any such motion is to be filed two (2) weeks after the motion is served on the opposing party, and a reply, if any, is to be filed one (1) week after service of any opposition.

14. Unless otherwise ordered by the Court, within thirty (30) days of the close of all discovery, or, if a dispositive motion has been filed, within thirty (30) days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). Any motions *in limine* shall be filed on or before the date on which the Joint Pretrial Order is due.

15. If this action is to be tried before a jury, joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules and Practices. Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules and Practices.

16. The parties shall be ready for trial on ~~March 1, 2013~~ April 1, 2013. [*Absent exceptional circumstances, a date within two weeks following the Joint Pretrial Order due date.*]

17. This case [is X / is not ____] to be tried to a jury.

18. Counsel for the parties have conferred and the present best estimate of the length of trial is 4 days.

19. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

_____
_____
_____
_____

4

Counsel for the Parties:

| Plaintiffs' Attorneys | Defendants' Attorney |
|---|---|
| Fred Lichtmacher | Bee Ready Fishbein Hatter & Donovan, LLP<br>By: Angelo M. Bianco |
| 350 5th Ave Ste 7116 | 170 Old Country Road - Ste 200 |
| NY NY 10118 | Mineola, New York 11501 |

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 8(e)) shall be made in a written application in accordance with Court's Individual Rules and Practices and shall be made no fewer than two (2) business days prior to the expiration of the date sought to be extended. Absent exceptional circumstances, extensions will not be granted after deadlines have already passed.

~~The parties must contact the chambers of the Magistrate Judge designated~~ to this case on JMF 9/10/12 or before ~~in order to schedule settlement~~ discussions under his/her ~~supervision in or about~~.

The next Case Management Conference is scheduled for January 15, 2013 at 4 pm.

SO ORDERED.

JESSE M. FURMAN
United States District Judge

Dated: September 10, 2012
New York, New York

5