UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
BRYAN WILLIAMS and DYLAN SUPRIS-JONES,

                Plaintiff,

          -against-

THE METROPOLITAN TRANSPORTATION
AUTHORITY (MTA),
MTA OFFICER WOZNY,
MTA OFFICER EDWIN GAVILANEZ,
MTA OFFICER DENNIS ESTEROW,
AND UNIDENTIFIED MTA POLICE OFFICERS

                Defendants.
------------------------------------------X

12 CIV 4706
(JMF)

INITIAL LETTER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/11/12

September 7, 2012

Hon. Jesse M. Furman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Dear Honorable Judge:

Please accept this correspondence in connection with the requirements set forth in the Notice of Initial Pretrial conference, dated June 26, 2012.

This matter arises from Plaintiffs allegations of state and federal claims for excessive and unreasonable force, false arrest, false imprisonment, retaliation, assault, battery, and violation of Section 1983 of the Civil Rights Act against the MTA and the Defendant Police Officers. Plaintiffs seek unspecified compensatory and punitive damages.

Plaintiffs allege that in the early morning of May 15, 2011, they were on a train that departed from Pennsylvania Station at 4:11 a.m., along with other friends. While on the train, two young women got into a heated verbal argument – not with the plaintiffs or their friends. Plaintiffs' friend teased one of the women and the conductor came and warned him that if he continued he would kick people off at the next stop. As the train neared the Jamaica train station, Williams got up from his seat and went to the bathroom in the next car. When the train pulled into Jamaica station, two MTA police officers boarded the train and ordered Supris-Jones off of the train. Williams followed Supris-Jones off of the train. Once off of the train, a police officer allegedly threw Williams to the concrete floor and began to jump on him and hit him. Moments later, police officers allegedly threw Supris-Jones to the floor and began to hit him. Supris-Jones

Williams, et al. v. MTA, et al.
12 Civ 4706 (JMF)
September 7, 2012
Page 2

was then held in confinement for over twelve hours. Both Plaintiffs were charged with violations of the New York State Penal Law; specifically with Obstructing of Governmental Administration in the Second Degree, Disorderly Conduct, and Resisting Arrest. The charges were resolved with adjournments in contemplation of dismissal and sealed. Both Plaintiffs allege suffering from physical injuries.

Defendants allege that on the date of the incident several disorderly subjects were observed and warned to stop yelling and screaming in a loud and aggressive manner, as they were causing alarm to commuters who were on board the train. The subjects refused to comply and become more aggressive towards the officers. Additional units met the train at Jamaica Station. Specifically, officers observed Supris-Jones walking up and down the aisles yelling randomly at customers and trying to engage in physical confrontation with unknown individuals. He refused to refrain from his actions. He was escorted off the train at Jamaica Station and asked to produce identification. At that time, Williams exited the train and began yelling at the officers, prevented the investigation by stepping between the officer and Supris-Jones, and shoved Officer Wozny with two hands on his chest. Accordingly, the officers attempted to handcuff Williams, who refused to comply, pulling away and struggling. Thereafter, Supris-Jones prevented the officers from effecting a lawful arrest of Williams, and was told to place his hands behind his back. He refused by flailing his arms and resisting. The arrest was made with the assistance of multiple units.

Jurisdiction is founded upon the existence of a Federal Question. This action is to redress the alleged deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to Plaintiffs by the First, Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983. Jurisdiction is also founded upon 28 U.S.C. Sections 1331, 1343(3 & 4), and 28 U.S.C. § 1367. Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (1 & 2).

Pursuant to the Civil Case Management Plan: all fact discovery shall be completed no later than January 10, 2013; all expert discovery shall be completed no later than February 24, 2013; Interrogatories shall be served by October 10, 2012; and depositions shall be completed by December 10, 2012. The parties shall be ready for trial on March 1, 2013.

There are no outstanding motions pending at this time.

The Defendants served initial Automatic Disclosures upon the Plaintiff on August 6, 2012. In order for the parties to engage in meaningful settlement negotiations, the following discovery items must still be completed: interrogatories; exchange of medical records/HIPAA authorizations; depositions of all parties and non-party witnesses; medical examinations of the Plaintiffs; expert disclosures; and such other discoverable items which may become appropriate as the case continues to progress.

Williams, et al. v. MTA, et al.
12 Civ 4706 (JMF)
September 7, 2012
Page 3

There have been no settlement discussions to date.

Thank you for your time and consideration regarding this matter.

Yours, etc.,

Fred Lichtmacher (FL-5341)
The Law Offices of Fred Lichtmacher, P.C.
*Attorneys for Plaintiffs*
*Williams and Supris-Jones*
Empire State Building
350 5th Avenue – Suite 7116
New York, NY 10118
Tel No.: (212) 922-9066

Angelo M. Bianco, Esq. (AB-2733)
Bee Ready Fishbein Hatter & Donovan
*Attorneys for Defendants*
*MTA and Police Officers*
170 Old Country Road, Suite 200
Mineola, New York 11501
Tel No.: (516) 746-5599
Fax No.: (516) 746-1045
File No.: 6178-1106